Matthew D. **CADDELL**, Plaintiff,

v.

Fred **ALLENBRAND**, et al., Defendants.

No. 91–3319–S.

United States District Court,
D. Kansas.

Sept. 21, 1992.

Matthew D. Caddell, pro se.

Lawrence L. Ferree, III, Catherine J. Watson, Ferree, Bunn & Byrum, Chtd., Overland Park, Kan., for defendants.

MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

Before the court is defendants' Motion for Summary Judgment (Doc. 17). In an

order dated March 6, 1992, the court noted that plaintiff had not responded to defendants' motion for summary judgment. Plaintiff was advised that if no response was filed, the court would proceed to decide whether summary judgment should be granted to defendants based on the uncontroverted facts and legal arguments presented in defendants' motion for summary judgment. Plaintiff filed no response. Having reviewed the entire record, the court makes the following findings and order.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Maughan v. SW Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). A court must resolve all factual disputes and draw all inferences in favor of the nonmoving party. *Reazin v. Blue Cross & Blue Shield*, 899 F.2d 951, opposing a motion for summary judgment may not rest on mere allegations or denials to demonstrate that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

■ Plaintiff has a constitutional right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977) (prisoners have constitutional right to adequate, effective and meaningful access to courts to challenge violations of constitutional rights). The right is not unlimited however. Prison officials can restrict such access if restriction accommodates legitimate administrative concerns. *See e.g., Campbell v. Miller*, 787 F.2d 217, 226–28 (7th Cir.), *cert. denied*, 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986) (restrictions on library use, and requirement of body cavity search before and after library use, justified by security and administrative concerns).

■ In the present action, plaintiff complains that while he was incarcerated in the Johnson County Adult Detention Center he was denied adequate access to the legal materials. The documentation provided by defendants reflects that plaintiff was confined in the Johnson County Adult Detention Center from March 17, 1991 to December 4, 1991. During that time, plaintiff was represented by a Johnson County Public Defender at all times during plaintiff's criminal prosecutions. The record also reflects that plaintiff requested, and was granted, permission to use the law library at the detention center over twenty-five times during that period. Notary services were provided as needed and legal copies were made as required. On October 3, 1991, defendants discovered that plaintiff had torn some pages from a law book, and disciplined plaintiff for violation of facility rules. Thereafter, plaintiff's access to legal material was supervised, and plaintiff's access to the library was restricted to times when the library was not generally in use.

Plaintiff filed this action on October 25, 1991. He claims he was denied adequate access to the facility's law library. Plaintiff does not mention the October 3, 1991, incident. Plaintiff also claims needed legal resources were not available in the law library. The record reveals, however, that plaintiff never utilized the facility's procedure for requesting legal materials from the Johnson County Law Library.

The factual evidence in the record is uncontroverted. Examining plaintiff's claims in light of the uncontroverted facts and the above cited authorities, the court finds the restrictions placed on plaintiff's use of the facility's law library were reasonable, and finds plaintiff has failed to state a cognizable claim that defendants violated his constitutional right of access to the court. Defendants, therefore, are entitled to judgment as a matter of law.

IT IS ORDERED that defendants' motion for summary judgment is granted, and that all relief requested by plaintiff is denied.